

# NUMBER 13-25-00126-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

NORMAN MADRID,                                                          **Appellant,**

**v.**

MARIA CECILIA LIMON LEDESMA,                               **Appellee.**

## ON APPEAL FROM THE 138TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Chief Justice Tijerina**

This cause is before the Court on its own motion. On March 10, 2025, the Clerk of the Court notified appellant the notice of appeal did not comply with the Texas Rules of Appellate Procedure 9.5(e), and 25.1(d)(2). *See* TEX. R. APP. P. 9.5(e), 25.1(d)(2).

On April 17, 2025, the Clerk of the Court notified appellant that the district clerk, Silvia Mata, has notified the Court that appellant had failed to make arrangements

for payment of the clerk's record. Appellant was notified that unless he made arrangements to pay for the clerk's record and proof of payment was provided to the Court within ten days, the appeal was subject to dismissal for want of prosecution. *See id.* R. 37.3(b).

On May 7, 2025, the Clerk of the Court again notified appellant of the defects in the notice of appeal. Appellant was further notified that if the defects were not corrected within ten days, the appeal would be dismissed. *See id.* R. 42.3(b), (c). On May 12, 2025, the clerk's final notice was returned to sender and marked "return to sender," "insufficient address," and "unable to forward." On May 12, 2025, the Clerk's office spoke with appellant on the telephone and received an updated address.

Texas Rule of Appellate Procedure 9.1(b) requires unrepresented parties to sign any document filed and "give the party's mailing address, telephone number, fax number, if any, and email address." *See id.* R. 9.1(b). Even so, on May 16, 2025, the Clerk of the Court issued a new notice with the newly provided mailing address notifying appellant again of the defects in the notice of appeal and that if the defects were not corrected within ten days, the appeal would be dismissed. *See id.* R. 42.3(b), (c). This final notice was mailed to the address provided by appellant on the telephone and was sent via certified mail with a return receipt requested. On May 30, 2025, we received the returned receipt postcard indicating the clerk's notice was received on May 24, 2025.

Texas Rule of Appellate Procedure 42.3 permits an appellate court, on its own initiative after giving ten days' notice to all parties, to dismiss the appeal for want of prosecution or for failure to comply with a requirement of the appellate rules. *Id.*

2

Furthermore, no clerk's record has been filed due to appellant's failure to pay or make payment arrangements, and appellant has failed to comply with a notice from the Clerk of the Court requiring a response or other action within the time provided. Accordingly, this appeal is dismissed for want of prosecution.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
5th day of June, 2025.